MAXWELL, J.,
dissenting:
¶ 17. This case concerns a partition sale of a house that Jones and Graphia owned as joint tenants with the right of survivor-ship. But instead of partitioning the property, the chancellor essentially performed an equitable distribution of the house, justifying his decision to award one joint tenant all the proceeds of a partition sale based primarily on the “putative-spouse doctrine.” Because Graphia was not a “putative spouse” — and was, thus, not entitled to an equitable distribution of the property he jointly owned with his girlfriend — I dissent.
¶ 18. The chancellor relied on Chrismond v. ChHsmond, 211 Miss. 746, 757, 52 So.2d 624, 629 (1951), Pickens v. Pickens, 490 So.2d 872 (Miss.1986), and Cotton v. Cotton, 44 So.3d 371 (Miss.Ct.App.2010), to hold he could look beyond joint ownership and consider each owner’s contribution to the accumulation of the property. But the Mississippi Supreme Court has made clear the equity power in Chrismond and Pick-ens does not extend to cohabitants, like *757 Jones and Graphia, who never attempted a valid marriage. See Davis v. Davis, 643 So.2d 931, 934-36 (Miss.1994). While Jones and Graphia had intended to marry when they purchased the home as joint tenants, they were never married or ceremonially married. Thus, equitable distribution — which authorizes a chancellor to look beyond title and consider disparity in contribution to divest a joint owner of his or her interest in marital property, e.g., Ferguson v. Ferguson, 639 So.2d 921, 927 (Miss.1994) — simply was unavailable to the unmarried Graphia in his statutory partition action. And it was error for the chancellor to distribute the proceeds of the partition sale based on this doctrine.
¶ 19. The majority justifies the chancellor’s award on an alternative basis — the language in Mississippi Code Annotated section 11-21-9 (Rev.2004) that a chancellor “may adjust the equities between and determine all claims of the several coten-ants.” According to Graphia, this language authorized the chancellor to divest Jones of her right to equal ownership of the home or proceeds. I disagree. Section 11-21-9 does not, as the majority suggests, authorize chancellors to look beyond title when a joint tenant initiates a partition action. Rather, this statute concerns jurisdiction — allowing the chancellor to decide all ancillary issues between co-tenants to the partition action. See id.
¶ 20. I agree with Judge Carlton that “adjustment] of the equities,” as contemplated by section 11-21-9, authorizes chancellors to use a cotenant’s otherwise equal share of proceeds to offset what he owes his cotenant for rent, improvement costs, taxes, or other similar debts. However, this language does not grant chancellors authority to disregard title and to divide sale proceeds based solely on equity. Thus, the chancellor in this ease could not rely on section 11-21-9 to deny Jones her equal share of the partition-sale proceeds.
¶ 21. Because title showed Jones was a joint tenant with Graphia, both were entitled to an equal share of the jointly owned home upon severance, by either partition in kind or partition by sale. And the chancellor erred by denying Jones this right. I would reverse the judgment and remand this partition case for an equal distribution of the partition-sale proceeds.